IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HILLIAN BROS. & SONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-326C |
| | ) | (Judge Hodges) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S
FIRST MOTION FOR AN ENLARGEMENT OF TIME

Pursuant to Rule 7.2(b) of the Rules of the Court, the United States respectfully replies to plaintiff's opposition to our motion for an enlargement of time of 60 days within which to respond to plaintiff's complaint. In its opposition, plaintiff appears to suggest that it would not oppose a 30-day enlargement, but, given that the General Services Administration contracting officer received plaintiff's claim in February 2007, the requested 60-day enlargement is excessive. However, the fact that the contracting officer received plaintiff's claim in February is not material to our request for additional time to respond to the complaint.

As we established in our motion, counsel for the United States relies upon the agency to prepare a litigation report, pursuant to 28 U.S.C. § 520, so that counsel may respond adequately to the contentions contained in the complaint. Although the contracting officer may be consulted by agency counsel concerning the issues raised in the complaint, it is agency counsel that compiles the litigation report. Accordingly, the contracting officer's receipt of the claim is not material to the question presented. Indeed, following the filing of the complaint in this matter, the contracting officer is divested of any authority to issue determinations related to the issues

contained in the complaint. 28 U.S.C. §§ 516-520; Sharman v. United States, 2 F.3d 1564, 1571-72 (Fed. Cir. 1993); Durable Metal Prods., Inc. v. United States, 21 Cl. Ct. 41, 46 (1990).

In our motion, we indicated that agency counsel requires additional time to prepare the litigation report and that we will require additional time to prepare a response to the complaint. We understand the frustration that plaintiff may be experiencing given our request for additional time; however, plaintiff should understand that our assessment of the issues raised in the complaint may be different from that of the contracting officer. Indeed, it would appear to be in plaintiff's interest to allow the Government sufficient time to review the complaint allegations, as the provision of sufficient time to analyze the complaint issues may diminish the overall time incurred litigating this matter.

Our motion for an enlargement of time is predicated upon good cause. As established in our motion, the agency requires additional time to prepare the litigation report, and we will require sufficient time to analyze the report when preparing the Government's response. Plaintiff fails to identify any actual harm that will result from the additional period of time to respond to the complaint.

For these reasons, and the reasons set forth in our motion, defendant respectfully requests that the Court grant its first motion for a 60-day enlargement of time within which to file its response to plaintiff's complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s Martin F. Hockey, Jr.
MARTIN F. HOCKEY, JR.
Assistant Director

/s Armando A. Rodriguez-Feo
ARMANDO A. RODRIGUEZ-FEO
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L St., NW
Washington, D.C. 20530
Tele: (202) 307-3390
Fax: (202) 514-8624

August 3, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 3rd day of August, 2007, a copy of the foregoing "REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S FIRST MOTION FOR AN ENLARGEMENT OF TIME" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Armando A. Rodriguez-Feo