IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HILLIAN BROS. & SONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-326C |
| | ) | (Judge Hodges) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. The allegations of jurisdiction contained in paragraph 1 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. Admits the allegations contained in paragraph 3 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegation contained in paragraph 3. Defendant avers that the contract was actually awarded on March 31, 2005.

COUNT I

4. Defendant's responses to paragraph 1 through 3 are incorporated by reference.

5. Admits the allegation contained in paragraph 5 to the extent supported by the contract and progress payments cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 5.

6. Denies.

7. Denies.

8. Admits the allegation contained in paragraph 8 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegation contained in paragraph 8.

9. Admits the allegation contained in paragraph 9 to the extent supported by the documents cited, which are the best evidence of their contents, otherwise denies the allegations contained in paragraph 9. Defendant avers that plaintiff failed to submit proper documentation pursuant to the contract.

10. Admits the allegation contained in paragraph 10 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegation contained in paragraph 10.

11. Admits the allegations contained in paragraph 11 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 11.

12. Admits the allegations contained in paragraph 12 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 12.

13. The allegation contained in paragraph 13 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed allegation of fact, it is admitted to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegation contained in paragraph 13.

14. Admits the allegation contained in paragraph 14 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegation contained in paragraph 14.

15. Admits the allegation contained in paragraph 15 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegation contained in paragraph 15.

16. Admits the allegation contained in paragraph 16 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegation contained in paragraph 16.

17. Admits the allegation contained in the first sentence of paragraph 17. The allegation contained in the second sentence of paragraph 17 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied. Defendant avers that the Contracting Officer issued a final decision addressing plaintiff's precast concrete claim on July 17, 2006.

18. The allegation contained in paragraph 18 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

19. Denies.

20. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 19, or to any relief whatsoever.

21. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may

deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Martin F. Hockey, Jr.
MARTIN F. HOCKEY, JR.
Assistant Director

s/ Armando A. Rodriguez-Feo
ARMANDO A. RODRIGUEZ-FEO
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L St., NW
Washington, D.C. 20530
Tel: (202) 307-3390
Fax: (202) 514-8624

Attorneys for Defendant

Of Counsel:
Leonard E. Lucas
Assistant General Counsel
Real Property Division
Government Services Administration
1800 F Street, NW, Room 5119
Washington, DC 20405
Tel: (202) 501-0839
Fax: (202) 501-1944

September 27, 2007

CERTIFICATE OF FILING

I hereby certify that on this 27th day of September, 2007, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Armando A. Rodriguez-Feo