**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**HILLIAN BROS. & SONS, INC.**

*Plaintiff,*

**vs.**

**UNITED STATES OF AMERICA**

*Defendant.*

**Case No: 1:07-cv-00326-RHH**
**(Judge Hodges)**

**AMENDED COMPLAINT**

Plaintiff, Hillian Brothers & Sons, Inc. ("Hillian Brothers"), by counsel, hereby files this Complaint against the United States General Services Administration (hereinafter "GSA") an agency of the United States of America, and for cause states as follows:

**JURISDICTIONAL STATEMENT**

1. Jurisdiction of this matter is conferred by 28 U.S.C. § 1491(a)(1) as this is a claim against the United States upon an express or implied contract with the United States. Jurisdiction of this matter is further conferred by 28 U.S.C. § 1491(a)(2) as this action arises from an appeal of a contracting officer's decision under the Contract Disputes Act of 1978, 41 U.S.C. § 601 *et. seq*.

**FACTUAL BACKGROUND**

2. Hillian Brothers is incorporated in the District of Columbia and is engaged in the business of construction contracting.

3. On March 31, 2005, Hillian Brothers was awarded a Contract by the GSA to perform certain construction work to correct water penetration problems at the Department of Education Educational Building (FOB #6), 400 Maryland Ave., SW, Washington, D.C., Contract Number GS-11P030YAD0040 and Order Number P-11-05-YT-0156 / RDC-41024 (hereinafter the "Contract"). A copy of Order Number P-11-05-YT-0156 is attached hereto as Exhibit 1 and incorporated by reference herein.

**COUNT I**
**Claim for payment on termination**

4. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 through 3 above as if fully set forth herein.

5. In September of 2006, the General Services Administration verbally informed Hillian Brothers that it had chosen to terminate Hillian Brothers' contract for the convenience of the government. The termination's effective date was September 28, 2006.

6. Pursuant to the Contract's termination for convenience clause, FAR 52.249-4:

> The Contracting Officer, by written notice, may terminate this contract, in whole or in part, when it is in the Government's interest. If this contract is terminated, the Government shall be liable only for payment under the payment provisions of this contract for services rendered before the effective date of termination.

7. On November 9, 2006 Hillian Brothers submitted a spreadsheet of its costs and on November 28, 2006, Hillian Brothers submitted a request to the GSA for payment for its unpaid services rendered before the effective date of the termination. A copy of the November 9 spreadsheet is attached hereto as Exhibit 2 and incorporated by reference herein. A copy of the November 28, 2006 letter is attached hereto as Exhibit 3 and incorporated by reference herein.

8. On December 21, 2006, the GSA made an offer to pay $16,430.00 to closeout the Contract. A copy of the December 21, 2006 letter is attached hereto as Exhibit 4 and incorporated by reference herein.

9. On February 12, 2007, Hillian Brothers submitted a certified claim in the amount of $306,091.45 under the Contract's dispute clause (FAR § 52.233-1 (c)) and requested that GSA's Contracting Officer render a final decision. A copy of the February 12, 2007 certification of claim letter is attached hereto as Exhibit 5 and incorporated by reference herein.

10. The Contracting Officer received the February 12, 2007 claim by certified mail on February 20, 2007, as evidenced by U.S. Postal Service Certified Mail Receipt. A copy of the Certified Mail Receipt is attached hereto as Exhibit 6 and incorporated by reference herein.

11. On April 5, 2007, Hillian Brothers supplemented its February 12, 2007 claim by increasing the amount of the claim to $331,773.45. A copy of the supplemented to the claim is attached hereto as Exhibit 7 and incorporated by reference herein.

12. The Contracting Officer received the April 5, 2007 supplement by certified mail on April 10, 2007, as evidenced by U.S. Postal Service Certified Mail Receipt. A copy of the Certified Mail Receipt is attached hereto as Exhibit 8 and incorporated by reference herein.

13. The Contracting Officer issued his final decision on Hillian Brothers claims by letter dated November 21, 2007. A copy of the final decision is attached hereto as Exhibit 9 and incorporated by reference herein. Hillian Brothers disputes the Contracting Officer's findings and hereby appeals from that decision.

14. Hillian Brothers requests the award of interest on its claims pursuant to the Contract's dispute clause, FAR 52.233-1 (h), on the amount found due and unpaid from the date that the Contracting Officer received the claim.

15. Hillian Brothers asserts that its claims are subject to 28 U.S.C., Section 2412 and requests an award of attorney's fees under RCFC 54(d)(2).

WHEREFORE, Plaintiff, Hillian Brothers & Sons, Inc., hereby requests that this Honorable Court enter judgment in its favor and against the United States in the amount of $331,773.45, plus interest and costs of this action, and for such other relief as this Court finds appropriate.

Respectfully submitted,

**GREENBURG, SPENCE & TAYLOR, LLC**

Dated: December 19, 2007

By: /s/ MPM

Donald H. Spence, Jr., Esq.
Michael P. Marchetti, Esq.
51 Monroe Place, Suite 707
Rockville, Maryland 20850-2406
301-610-0010
301-610-0021 fax
Email: dspence@gstlaw.com

Attorneys for Hillian Brothers & Sons, Inc.