IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HILLIAN BROS. & SONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-326C |
| | ) | (Judge Hodges) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIM

For its answer to the amended complaint, defendant admits, denies, and alleges as follows:

1. The allegations of jurisdiction contained in paragraph 1 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. Admits the allegations contained in paragraph 3 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegation contained in paragraph 3.

COUNT I

4. Defendant's responses to paragraph 1 through 3 are incorporated by reference.

5. Denies.

6. Admits the allegation contained in paragraph 6 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegation

contained in paragraph 6.

7. Admits the allegation contained in paragraph 7 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 7. Defendant avers that plaintiff failed to submit proper documentation pursuant to the contract.

8. Admits the allegation contained in paragraph 8 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegation contained in paragraph 8.

9. Admits the allegations contained in paragraph 9 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 9.

10. Admits the allegations contained in paragraph 10 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 10.

11. Admits the allegation contained in paragraph 11 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegation contained in paragraph 11.

12. Admits the allegation contained in paragraph 12 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegation contained in paragraph 12.

13. Admits the allegations contained in the first two sentences of paragraph 13 to the extent supported by the contracting officer's decision cited, which is the best evidence of its

contents; otherwise, denies the allegations contained in the first two sentences of paragraph 13. The allegation contained in the third sentence of paragraph 13 constitutes a conclusion of law and plaintiff's characterization of its case, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied. Defendant avers that the contracting officer issued a final decision addressing plaintiff's precast concrete claim on July 17, 2006.

14. The allegation contained in paragraph 14 constitutes a conclusion of law and plaintiff's characterization of its case, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

15. The allegation contained in paragraph 15 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

16. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 15, or to any relief whatsoever.

17. Denies each and every allegation not previously admitted or otherwise qualified.

DEFENDANT'S COUNTERCLAIM

18. Jurisdiction for this counterclaim is provided by 28 U.S.C. §§ 1503 and 2508.

19. Defendant, awarded Contract Number GS-11P03YAD0040 and Order Number P-11-05-YT-0156/RDC-41024 ("Contract") to plaintiff, Hillian Brothers and Sons, Inc., on March 31, 2005 for work related to the correction of water penetration problems at the United States Department of Education Building, FOB # 6, located at 400 Maryland Avenue, Southwest, Washington, DC.

20. The Contract had a fixed price of $3,315,525.00, and for payment purposes, the work was divided into exterior work, which was separated into phases A, B, C, D, and interior

work, which consisted of Sub-Subbasement Soffit, West Subbasement Floor, West Subbasement Soffit "Option G-2," East Subbasement Soffit, South Garage Soffit. Subsequently, Hillian further broke out South Garage Soffit into Phase I, South Garage Soffit, Phase II, South Garage Soffit, Phase III, and South Garage, Driveway. The original contract completion date was June 17, 2006. As a result of change order AS04, the contract completion date was extended to July 20, 2006.

21. On May 18, 2006, defendant issued plaintiff a stop work order for the interior work on the project. Prior to the stop work order, plaintiff had been paid $291,562.00 for the interior work but had only completed less than 25% of the requirements. Defendant avers that plaintiff was overpaid $57,440 for the interior work.

22. On September 25, 2006, defendant issued a show cause letter to plaintiff informing it that defendant was considering terminating the contract under the default clause because of plaintiff's failure to complete the project as scheduled. As of the date of the show cause order, plaintiff had yet to complete even the first phase of the project. A copy of the show cause letter is attached as Exhibit 1. The letter also directed that plaintiff provide a response by September 28, 2006.

23. On September 28, 2006, plaintiff provided defendant with a written response to the September 25, 2006 show cause letter and met with defendant at the project site. Defendant directed plaintiff to remove its equipment and effectively terminated plaintiff for convenience of the Government.

24. From approximately November 9, 2006, until December 21, 2006, the parties attempted to reach agreement as to the measure of costs.

25. On December 21, 2006, defendant determined that plaintiff was due $16,430.

26 Hillian submitted a certified claim to the Contracting Officer on February 12, 2007. The claim demanded payment of $306,091.45. On April 5, 2007, Hillian supplemented its February 12, 2007 claim increasing its claim from $306,091.45 to $331,773.45.

27. Plaintiff's February 12, 2007 claim included deductions and/or credits to defendant for concrete cleaning and stone restoration cleaning, $5000 and $5775, respectively, which are due to defendant.

28. Plaintiff also included a $6290 credit and/or deduction to defendant for damage to plants caused by plaintiff's failure to perform pursuant to the contract. Since submission of the claim, additional plants have died as a result of plaintiff's lack of performance causing defendant damages in the amount of $10,219.

29. In performing contract work on the South Garage, plaintiff's equipment materially interfered with defendant's garbage pick-up service. Plaintiff agreed to assume the garbage pick up functions but failed to do so.

30. As a result of plaintiff's failure to move its equipment or provide garbage pick up service, as it had promised, defendant was forced to make alternative arrangements, which cost defendant $8,450.

31. While plaintiff was responsible for making the necessary arrangements and taking any action in connection with discontinuing or interrupting utilities which would be affected by its performance of the contract work, it failed to do so. As a result, plaintiff set off the fire alarm and sprinkler system in the South Garage.

32. When plaintiff activated the sprinkler and fire alarm system in the South

Garage, defendant had to come to the building, address the activation of the sprinkler and fire alarm system, reset the dry sprinkler system, and reset the fire alarm system. The direct cost to the Government was $650.

33. Plaintiff was responsible for leaving the job site in a broom-clean condition at the end of each day and maintaining dust control. Plaintiff did not leave the job site in a broom-clean condition and failed to maintain adequate dust control. As a result of plaintiff's failure to keep the job site clean and minimize dust, defendant incurred additional costs of $5,534 to clean up the first floor of the West Training Center floor and all the mechanical, electrical equipment, duct work, and piping in S-B 103.

34. Plaintiff provided defective confined space mechanical air handling equipment, which failed to perform as required. It will cost defendant approximately $5,000 to make this equipment compliant with contract specifications.

35. Plaintiff was required to submit its contract submittals to defendant within ten calendar days after notice to proceed. Plaintiff did not submit these materials until approximately 10 months after the notice to proceed was issued. As a result, defendant incurred an additional $16,881 in connection with retaining the architectural/engineering firm to review plaintiff's late submittals.

WHEREFORE, defendant requests that the Court enter judgment in favor of defendant in the amount of $114,949, plus interest as provided by law, order that the Complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

JEFFREY S. BUCHOLZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Martin F. Hockey, Jr.
MARTIN F. HOCKEY, JR.
Assistant Director

s/ Armando A. Rodriguez-Feo
ARMANDO A. RODRIGUEZ-FEO
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L St., NW
Washington, D.C. 20530
Tel: (202) 307-3390
Fax: (202) 514-8624

Attorneys for Defendant

Of Counsel:
Leonard E. Lucas
Assistant General Counsel
Real Property Division
Government Services Administration
1800 F Street, NW, Room 5119
Washington, DC 20405
Tel: (202) 501-0839
Fax: (202) 501-1944

January 28, 2008

CERTIFICATE OF FILING

I hereby certify that on this 28th day of January, 2008, a copy of the foregoing "DEFENDANT'S ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIM" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Armando A. Rodriguez-Feo