IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HILLIAN BROS. & SONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 07-326 |
| | ) | (Judge Hodges) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to Rule 16 and Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), Plaintiff, Hillian Bros. & Sons, Inc., and Defendant, the United States, by their representative attorneys, respectfully submit this Joint Preliminary Status Report:

a. Does the Court have jurisdiction over the action?

Plaintiff states that the Court has jurisdiction to consider and decide this action pursuant to 28 U.S.C. § 1491(a)(1) as this is a claim against the United States upon an express or implied contract with the United States. Plaintiff also asserts that jurisdiction of this matter is further conferred by 28 U.S.C. § 1491(a)(2) as this action arises from an appeal of a contracting officer's decision under the Contract Disputes Act of 1978, 41 U.S.C. § 601 et seq. Defendant has no basis to question the Court's jurisdiction over plaintiff's claims at this time. Jurisdiction over defendant's counterclaim lies pursuant to 28 U.S.C. §§ 1503 and 2508.

b. Should the case be consolidated with any other case?

The parties agree that this case should not be consolidated with any other case.

c. Should the trial of liability and damages be bifurcated?

At this time, the parties do not believe that trial should be bifurcated as to liability and damages.

d. Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal?

The parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

e. Will a remand or suspension be sought?

The parties do not believe that remand or suspension will be sought.

f. Will additional parties be joined?

The parties do not currently anticipate that additional parties will be joined.

g. Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56, and, if so, what is the proposed schedule for the intended filing?

The Plaintiff currently intends to file a motion to pursuant to RCFC 12(b) and 12(c) on Defendant's counterclaim and intends to file a motion pursuant to RCFC 56 after it conducts discovery on the issues set forth in (h) below. Defendant anticipates filing a motion pursuant to RCFC 56 on the contract interpretation issues.

h. What are the relevant factual and legal issues?

Plaintiff's Statement of Factual and Legal Issues

Plaintiff currently identifies at least the following relevant factual and legal issues:

(1) Whether Plaintiff's contract with Defendant to perform certain construction work to correct water penetration problems at the Department of Education Educational Building (the "Project") was terminated for the convenience of the government.

(2) Whether Plaintiff properly submitted its claims to the Contracting Officer under the Project's contract disputes clause (FAR § 52.233-1 (c)).

(3) Whether Defendant breached the contract by failing and refusing to pay

$331,773.45 in unpaid labor and materials that Plaintiff provided to the Project.

(4) Whether Defendant properly asserted its claims in the amount of $114,949.00 under FAR 32.606(b) and FAR 32.610.

(5) Whether Plaintiff should be awarded interest and attorney's fees under FAR 52.233-1 (h), 28 U.S.C., Section 2411, 28 U.S.C., Section 2412, and RCFC 54(d)(2).

Defendant's Statement of Factual and Legal Issues

(1) Whether Hillian performed 37% of the interior work?

(2) Whether Hillian is entitled to keep public funds it received from GSA due to a mistake of law or mistake of fact?

(3) Whether Hillian, pursuant to the contract, is entitled to be paid for 19,375.31 SF or 15,615 SF of work on Phase A?

(4) Whether the contract required the removal of all existing column cladding (granite removal) to perform the installation of new waterproofing?

(5) Whether the contract required Hillian to remove four fans, which were located in the North West entrance building?

(6) Whether Hillian is entitled to $31,785.93 for precast concrete Hillian provided and GSA rejected?

(7) Whether GSA is entitled to use retainage to offset credits and deductions owed to GSA by Hillian?

(8) Whether Hillian owes GSA $6290.00 or $10,219.00 for damage to plants caused by Hillian's failure to perform pursuant to the contract?

(9) Whether Hillian owes GSA a credit/deduction for $8,450.00 for costs GSA incurred to remove garbage, which Hillian failed to remove pursuant to the contract?

(10) Whether Hillian owes GSA a credit/deduction for $650.00 for costs for repairs resulting from Hillian's negligent activation of the sprinkler and fire alarm system while working in the South Garage?

(11) Whether Hillian owes GSA a credit/deduction for $5,534.00 for cleanup costs arising out of Hillian's failure to perform pursuant to the contract?

(12) Whether Hillian owes GSA a credit/deduction for $5000.00 resulting from Hillian's failure to install equipment in compliance with the Contract specifications?

(13) Whether Hillian owes GSA a credit/deduction for $16,881 arising out of Hillian's failure to submit timely submittals?

(14) Whether Hillian is entitled to $25,682.00 for materials provided to GSA by Hillian's subcontractor, Pagliaro Brothers Stone Co., for materials delivered to the project site and retained by GSA?

i. What is the likelihood of settlement? Is alternative dispute resolution contemplated?

The parties currently intend to discuss settlement and/or ADR.

j. Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling? What is the requested place of trial?

Assuming that the case is not resolved upon dispositive motions, or that the case does not settle, the parties anticipate proceeding to trial. The parties do not request expedited trial scheduling. If trial is required, both parties request that the trial be held in Washington, DC.

k. Are there special issues regarding case management needs?

The parties are unaware of any special issues regarding case management needs.

l. Is there any other information of which the Court should be aware at this time?

None.

m. Discovery

The parties propose the following schedule:

| | |
|---|---|
| Exchange of Initial Disclosures | May 1, 2008 |
| Deadline for Serving Written Discovery/ Close of Fact Discovery | October 3, 2008 |
| Disclosure of Expert Reports | November 7, 2008 |
| Deadline for Expert Depositions | December 19, 2008 |
| Close of All Discovery | January 2, 2009 |
| Deadline for Filing of Dispositive Motions | March 27, 2009 |

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Martin F. Hockey, Jr.
MARTIN F. HOCKEY, JR.
Assistant Director

s/Michael P. Marchetti
DONALD H. SPENCE, JR., ESQ
MICHAEL P. MARCHETTI, ESQ.
Greenburg, Spence & Taylor, LLC
51 Monroe Place, Suite 707
Rockville, Maryland 20850-2406
Tele: (301) 610-0010
Fax:(301) 610-0021 (Fax)

Attorneys for Plaintiff

s/Armando A. Rodriguez-Feo
ARMANDO A. RODRIGUEZ-FEO
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 307-3390
Fax: (202) 514-8624

Attorneys for Defendant

March 31, 2008

CERTIFICATE OF FILING

I hereby certify that on this 31st day of March, 2008, a copy of foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Armando Rodriguez-Feo